IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EARL A. BRYANT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-42 (MTT) |
| BANK OF AMERICA, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

### ORDER

This matter is before the Court on the Defendants' motion to dismiss (Doc. 5) and the Plaintiff's motion to mandate an affidavit (Doc. 3) and motion to direct the transfer of assets (Doc. 4). For the following reasons, the Defendants' motion is **GRANTED**, and the Plaintiff's motions are **DENIED as moot**.

### I. BACKGROUND

In his one paragraph complaint, which he titled "Affidavit for Damages," Plaintiff Earl Bryant requests "$350,000.00, plus damages against [Defendants Bank of America and Bryan Moynihan] to recover financial assets and to stop further diminishment of financial assets resulting from [the Defendants'] breach of fiduciary duty, moral hazard, fraud, conspiracy and institutional theft of [Bryant's] assets since 2003." (Doc. 1). Bryant also requests that the Court order Moynihan to direct Merrill Edge to transfer some of Bryant's assets into his Bank of America savings account and that the Court mandate an affidavit response from Moynihan, although it is unclear what the requested affidavit is concerning. (Docs. 3, 4).

The Defendants move to dismiss the complaint based on Bryant's failure to state a claim,[1] lack of personal jurisdiction, insufficient process, and insufficient service of process.

## II. DISCUSSION

Pursuant to Rule 4(m), the Court, after notice to the plaintiff, must dismiss the action without prejudice if the defendant is not served within 120 days after the complaint is filed, unless the plaintiff shows good cause for the failure or the Court, in its discretion, extends the time for service without a showing of good cause. Fed. R. Civ. P. 4(m). Thus, the Court has discretion to extend the time for service even if a plaintiff has not shown good cause for failing to properly serve the defendant. *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). In exercising its discretion, the Court must consider whether other circumstances warrant an extension of time based on the facts of the case even if the plaintiff fails to show good cause. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). Advisory Committee Notes to the federal rules provide some guidance as to what factors may be considered, such as the running of the statute of limitations. Fed. R. Civ. P. 4(m) advisory committee's note.

Bryant filed his complaint in this Court on January 30, 2014. More than 120 days have elapsed, but there is no indication that Bryant ever attempted to serve the Defendants. Bryant was on notice of his failure to serve by virtue of the Defendants' motion, but he never responded to the motion or otherwise offered an explanation of his failure to properly serve the Defendants. Thus, Bryant has not shown good cause. The

---

[1] It seems clear that the complaint fails to state a claim, but based on *Bryant v. Citigroup, Inc.*, 512 F. App'x 994 (11th Cir. 2013), the Court addresses only the issue of service.

Court further finds that no other circumstance warrants granting Bryant additional time to serve the Defendants.  Because the Court is dismissing the case for insufficient service of process, the Court does not address the Defendants' other grounds for dismissal.

### III. CONCLUSION

The Defendants' motion to dismiss (Doc. 5) is **GRANTED**, the complaint is **DISMISSED without prejudice**, and the Plaintiff's motion to mandate an affidavit (Doc. 3) and motion to direct the transfer of assets (Doc. 4) are **DENIED as moot**.

**SO ORDERED**, this 24th day of June, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT